# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>Angkearith Ieng<br><br>Debtor | )<br>)<br>)<br>)  Chapter 13<br>)  Case No. 13-42905-HJB<br>)<br>)<br>) |

**ORDER CONFIRMING POST-CONFIRMATION AMENDED CHAPTER 13 PLAN**

The debtor filed a Post-Confirmation Amended Chapter 13 Plan (the "Plan") on August 3, 2015. The debtors filed a Certificate of Service dated August 3, 2015, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is 60 months with 43 months remaining.

2. The debtor shall pay to the Chapter 13 Trustee the sum of **$3,488.00** per month commencing August 20, 2015 which payments shall continue through completion of the Plan and shall be made on the 20th day of each month unless otherwise ordered by the court. **Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to:**

**Denise M. Pappalardo, Chapter 13 Trustee**
**P.O. Box 16607**
**Worcester, MA 01601**

3. The effective date of confirmation of the Plan is March 20, 2014. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference. Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan. Pursuant to 11 U.S.C. § 1327, the provisions of the confirmed Plan bind the debtors and all creditors. The conditions for vesting of real property in the debtors are set forth in Section E, Other Provisions, of this order.

Dated:                                                         _____ 10/09/2015
                                                               United States Bankruptcy Judge

## SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

**A. Secured Claims**

   1. Modified Secured Claims

      None.

   2. Unmodified Secured Claims

      The claim of Chase is secured by a mortgage on real property located at 342 Trotting Park Road, Lowell, Massachusetts, and recorded in the Middlesex Registry of Deeds in Book 23318, Page 1. The modified principal balance is $150,000.00. The claim is bifurcated into a secured claim of $150,000.00 at a rate of 5.25% annual interest for a total claim in the amount of $170,874.00. The claim shall be paid through the plan in the sum of $2,847.90 per month over 60 months. The unsecured portion of the claim shall be treated as set forth below in Section D of this Order. The Debtor is required to maintain the insurance on the property in an amount no less than the amount of the secured claim with interest. The Debtor is to pay all post-petition real estate taxes, water and sewer bills.

   3. Real Estate Tax Claims

      None.

**B. Administrative Claims**

| Creditor | Claim | Term |
|---|---|---|
| James D. Lukowiak, Esq. | $3,349.00 | 12 months |

**C. Priority Claims**

   1. Other Tax Claims

| Creditor | Claim | Term |
|---|---|---|
| Massachusetts Department of Revenue | $1,000.75 | 60 months |

**D. Unsecured Claims**

   The Plan provides for a minimum 6.74% dividend payment to unsecured creditors in the amount of $155,478.47.

**E.  Other Pertinent Provisions**

During the term of the plan, the Debtor is to provide copies of income tax returns to the Chapter 13 Trustee each year as filed and any income tax refund shall be turned over to the Chapter 13 Trustee to be distributed as an additional dividend to unsecured creditors.

Unless otherwise ordered by the court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including but not limited to, any appreciation in the value of real property owned by the debtors as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the debtors only upon the discharge.  All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court.  The debtors shall not transfer, sell or otherwise alienate property of the estate other than in accordance with the terms of the confirmed plan or other order of the bankruptcy court.  The debtors shall be responsible for preserving and protecting property of the estate.